UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOVE AND MADNESS, INC., | Case No. 21 Civ. 01913 (AT) |
| Plaintiff, | **JURY TRIAL DEMAND** |
| v. | **AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR BUSINESS PRACTICES AND UNJUST ENRICHMENT** |
| CLAIRE'S HOLDINGS LLC; CBI DISTRIBUTING CORP. D/B/A "CLAIRE'S", "ICING", "CLAIRE'S ACCESSORIES" AND "ICING BY CLAIRE'S"; CLAIRE'S ACCESSORIES UK LTD.; AND CLAIRE'S STORE'S INC., | |
| Defendants. | |

Plaintiff LOVE AND MADNESS, INC. ("Plaintiff" or "Love and Madness") for its First Amended Complaint (hereinafter the "Complaint") alleges as follows against Defendants CLAIRE'S HOLDINGS LLC; CLAIRE'S INC.; CBI DISTRIBUTING CORP. D/B/A "CLAIRE'S", "ICING", "CLAIRE'S ACCESSORIES" AND "ICING BY CLAIRE'S"; DEFENDANT CLAIRE'S ACCESSORIES UK LTD.; AND CLAIRE'S STORES INC. (collectively "Claire's" or "Defendants" or "the Claire's Defendants"):

### THE PARTIES

1.      Plaintiff LOVE AND MADNESS, INC. ("Love and Madness") is a New York corporation having its principal place of business at 302A West 12th Street, Suite 266, New York, New York 10014.

2.      The owner and principal of Love and Madness is Heather McAvoy ("McAvoy"). From 2014 to 2019, McAvoy resided in New York, New York.

1

3.     DEFENDANT CLAIRE'S HOLDINGS LLC is a Delaware Limited Liability Company with its principal place of business located at 2400 West Central Road, Hoffman Estates, Illinois 60192.  Defendant Claire's Holdings LLC is the parent company of Claire's Accessories UK Ltd., Claire's Inc., CBI Distributing Corp. d/b/a "Claire's Accessories" and "Icing by Claire's", and Claire's Stores Inc.

4.     DEFENDANT CLAIRE'S ACCESSORIES UK LTD. is a foreign company located at 4 Bromford Gate, Bromford Lane, Birmingham, UK B24 8DW.

5.     DEFENDANT CBI DISTRIBUTING CORP. ("CBI") is a Delaware corporation with its principal place of business located at 2400 West Central Road, Hoffman Estates, Illinois 60192, which does business as "CLAIRE'S", "ICING", "CLAIRE'S ACCESSORIES" and "ICING BY CLAIRE'S".

6.     DEFENDANT CLAIRE'S STORES, INC. is a Florida corporation with its principal place of business located at 2400 West Central Road, Hoffman Estates, Illinois 60192.

**JURISDICTION**

7.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101, *et seq.*

8.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (any Act of Congress relating to patents, copyrights, or trademarks).

9.     This Court has personal jurisdiction over the Claire's Defendants because they maintain and operate at least 10 free-standing retail stores within 100 miles of this Court and also sell products in numerous CVS drugstores located in the New York City metropolitan area.  In total, the Claire's Defendants operate 2,220 stores in North America and Europe, 6794 concession locations and 546 franchised stores in locations such as the Middle East, Central and Southeast

Asia, Central and South American, and South Africa. The Claire's Defendants also sell products under their various brands in large retail chain stores, such as CVS in New York City, and supermarkets such as Giant Eagle. This Court also has personal jurisdiction over the Claire's Defendants because each of these entities has committed and continues to commit acts of infringement and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of New York, including in this District. The acts by the Claire's Defendants caused and continue to cause injury to Plaintiff within this District.

10.    The Claire's Defendants derive substantial revenue from sales of infringing products within this District, expect their actions to have consequences within this District, and derive substantial revenue from interstate and international commerce.

11.    The Claire's Defendants also sell substantial amounts of infringing products to consumers who reside within the State of New York through its internet-based e-commerce website www.clairesstores.com, and internet websites operated by other retail companies, such as www.amazon.com and www.cvs.com.

## **VENUE**

12.    Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) because the Claire's Defendants transact business within this District and offer for sale in this District products that infringe Plaintiff's copyrights.

13.    In addition, venue is proper because Plaintiff's principal place of business is in this District and Plaintiff has suffered substantial harm in this district.

14.    Moreover, a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL BACKGROUND

### A.  McAvoy's Design Experience and Formation of Love and Madness

15.     Heather McAvoy is the founder, owner, and principal of Plaintiff Love and Madness.

16.     McAvoy has nearly two decades worth of experience as a designer, stylist, influencer, and marketer in the fashion and pop culture industries.

17.     In June of 2014, McAvoy formed Love and Madness as a New York corporation and began designing and selling products under the "Love and Madness" brand.

18.     Love and Madness's products were wildly popular, primarily with young women and, as a result, it manufactured and sold millions of dollars of products bearing McAvoy's designs.  Many of McAvoy's designs and products were so popular that they sold out almost as soon as they hit the market.

19.     Plaintiff Love and Madness obtained a trademark from the United States Patent and Trademark Office (the "USPTO") for the word mark "Love and Madness".  The "Love and Madness" trademark was assigned USPTO Serial Number 90139778 and published in the Trademark Official Gazette on February 2, 2021.

20.     Plaintiff has used, marketed, and sold products with its distinctive design configurations in commerce using the "Love and Madness" trademark throughout the United States beginning in 2014 and continuously thereafter through 2019.

21.     An example of a product sold by Plaintiff with the Love and Madness trademark are the "face gems" depicted below.  Plaintiff designed, manufactured, and sold the "face gems" on card stock bearing the Love and Madness brand and wrapped in plastic.  A consumer who

purchased the face gems could lift the "face gems" with a sticky backing from the card stock and

apply them to their face temporarily in the design created by Love and Madness.



22.     In or about January of 2018, McAvoy formed another company called Cosmic

Funhouse.   Cosmic Funhouse manufactures and sells products with McAvoy's "Magic and

Manifest" brand.

**B.  McAvoy's Intellectual Property Rights**

23.     McAvoy has protected her brands, designs and products through a broad range of

intellectual property rights:

**(i)     The "Hand Drawn Eyes Design" Copyright**

24.     Plaintiff owns original artwork referred to as the "Hand Drawn Eyes Design".

25.     This artwork was a creation of McAvoy's and/or a designer on behalf of McAvoy's

companies on a work-for-hire basis.

26.     The "Hand Drawn Eyes Design" was owned previously by McAvoy and,

ownership has been assigned and transferred to Plaintiff.

27.     McAvoy applied for and received a United States Copyright Registration for the

"Hand Drawn Eyes Design" prior to the commencement of this action.

28.     A true and correct copy of the Certificate of Registration for the "Hand Drawn Eyes Design" with Copyright No. VA0002160423 is annexed hereto and incorporated herein as **Exhibit 1**.

29.     McAvoy's copyrighted "Hand Drawn Eyes Design" is as follows:



**(ii)     The "Day of the Dead Design" Copyright**

30.     Plaintiff Love and Madness owns original artwork that it refers to as "Traditional Day of the Dead Face Stickers" (hereinafter referred to as the "Day of the Dead Design").

31.     This artwork was a creation of McAvoy and/or a designer on behalf of McAvoy's companies on a work-for-hire basis.

32.     The "Day of the Dead Design" is and at all relevant times was owned by Plaintiff.

33.     Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Day of the Dead Design" prior to the commencement of this action.

34.     A true and correct copy of the Certificate of Registration for the "Day of the Dead Design" with Copyright No. VA00002233654 is annexed hereto and incorporated herein as **Exhibit 2**.

35.     McAvoy's copyrighted "Day of the Dead Design" is as follows:



**(iii)**      **The "Elephant Design – Right Facing" Copyright**

36.      Plaintiff Love and Madness owns original artwork that it refers to as "Elephant Design – Right Facing".

37.      This artwork was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

38.      The "Elephant Design – Right Facing" copyright is and at all relevant times was owned by Plaintiff.

39.      Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Elephant Design – Right Facing" prior to the commencement of this action.

40.      A true and correct copy of the Certificate of Registration for the "Elephant Design – Right Facing" with Copyright No. VA 2-237-621 is annexed hereto and incorporated herein as **Exhibit 3**.

41.      Plaintiff's copyrighted "Elephant Design – Right Facing" is as follows:



**(iv)   The "Elephant Design" Copyright**

42.     Plaintiff Love and Madness owns original artwork that it refers to as "Elephant Design".  This artwork was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

43.     The "Elephant Design" copyright is and at all relevant times was owned by Plaintiff.

44.     Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Elephant Design" prior to the commencement of this action.

45.     A true and correct copy of the Certificate of Registration for the "Elephant Design" with Copyright No. VA 2-237-620 is annexed hereto and incorporated herein as **Exhibit 4**.

46.     Plaintiff's copyrighted "Elephant Design" is as follows:



**(v)**     <u>The "Aztec Design" Copyright</u>

47.     Plaintiff Love and Madness owns original artwork that it refers to as the "Aztec Design".

48.     The "Aztec Design" was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

49.     The "Aztec Design" copyright is and at all relevant times was owned by Plaintiff.

50.     Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Aztec Design" prior to the commencement of this action.

51.     A true and correct copy of the Certificate of Registration for the "Aztec Design" with Copyright No. VA 2-237-585 is annexed hereto and incorporated herein as **<u>Exhibit 5</u>**.

52.     Plaintiff's copyrighted "Aztec Design" is as follows:



9

**(vi)**     **The "Proud to Be an American – Handmade Design" Copyright**

53.     Plaintiff Love and Madness owns original artwork that it refers to as the "Proud to Be an American - Handmade" Copyright Design (hereinafter the "Proud to Be an American Design".

54.     The "Proud to Be an American Design" was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

55.     The "Proud to Be an American Design" copyright is and at all relevant times was owned by Plaintiff.

56.     Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Proud to Be an American Design" prior to the commencement of this action.

57.     A true and correct copy of the Certificate of Registration for the "Proud to Be an American Design" with Copyright No. VA0002242077 is annexed hereto and incorporated herein as **Exhibit 6**.

58.     Plaintiff's copyrighted "Proud to Be an American Design" is as follows:



**(vii)**     **The "Mermaid Tattoo Design" Copyright**

59.     Plaintiff Love and Madness owns original artwork that it refers to as the "Mermaid Tattoo" Copyright Design (hereinafter the "Mermaid Tattoo Design").

60.     The "Mermaid Tattoo Design" was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

61.     The "Mermaid Tattoo Design" copyright is and at all relevant times was owned by Plaintiff.

62.     Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Mermaid Tattoo Design" prior to the commencement of this action.

63.     A true and correct copy of the Certificate of Registration for the "Mermaid Tattoo Design" with Copyright No. VA 2-182-576 is annexed hereto and incorporated herein as **Exhibit 7**.

64.     Plaintiff's copyrighted "Mermaid Tattoo Design" is as follows:



**(viii)   The "Mermaid Face Stickers Design" Copyright**

65.     Plaintiff Love and Madness owns original artwork that it refers to as the "Mermaid Face Stickers" Copyright Design (hereinafter the "Mermaid Face Stickers Design").

66.     The "Mermaid Face Stickers Design" was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

67.     The "Mermaid Face Stickers Design" copyright is and at all relevant times was owned by Plaintiff.

68.    Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Mermaid Face Stickers Design" prior to the commencement of this action.

69.    A true and correct copy of the Certificate of Registration for the "Mermaid Face Stickers Design" with Copyright No. VA0002233656 is annexed hereto and incorporated herein as **Exhibit 8**.

70.    Plaintiff's copyrighted "Mermaid Face Stickers Design" is as follows:



**(ix)    The "Luck O' the Irish Face and Body Stickers" Copyright**

71.    Plaintiff Love and Madness owns original artwork that it refers to as the "Luck O' the Irish Face and Body Stickers" Copyright Design (hereinafter the "Luck O' the Irish Design").

72.    The "Luck O' the Irish" was a creation of Plaintiff and/or a designer on behalf of Plaintiff on a work-for-hire basis.

73.    The "Luck O' the Irish" copyright is and at all relevant times was owned by Plaintiff.

74.    Plaintiff Love and Madness applied for and received a United States Copyright Registration for the "Luck O' the Irish" prior to the commencement of this action.

75.     A true and correct copy of the Certificate of Registration for the "Luck O' the Irish" with Copyright No. VA0002250220 is annexed hereto and incorporated herein as **Exhibit 9**.

76.     Plaintiff's copyrighted "Luck O' the Irish" is as follows:



## C.  Plaintiff Becomes an Approved Vendors of the Claire's Defendants; Claire's Sells Millions of Dollars of Plaintiff's Products and Designs

77.     In 2014, McAvoy was introduced to Claire's Beauty Merchant Manager, Eileen Fisher ("Fischer").  Fischer was in charge of buying products to be sold by Claire's.

78.     After McAvoy showed Fischer her products and designs, the Claire's Defendants invited Plaintiff Love and Madness to become a licensed, approved vendor of Claire's.

79.     Upon information and belief, Defendant CBI does business as "Claire's Accessories" and "Icing by Claire's", and it is the North American buyer and distributor for Claire's, Icing, Icing by Claire's, and related e-commerce websites.

80.     On February 16, 2015, on behalf of Plaintiff Love and Madness, McAvoy executed a Vendor Certification Policy provided by the Claire's Defendants.  As set forth therein, Love and Madness became an official vendor of the Claire's Defendants and agreed to provide goods in accordance with requirements set by the Claire's Defendants in the names of their company CBI and their brands, "Claire's" and "Icing."

81.     Also, as a new vendor, Plaintiff Love and Madness provided the Claire's Defendants with an "Import Vendor Information Form".  In the "Import Vendor Information Form", Love and Madness designated the name and address of its vendor in China so that the Claire's Defendants could submit orders or "tickets" for Love and Madness's products to the factory designated by Love and Madness for its products.  In the "Import Vendor Information Form", Plaintiff Love and Madness also provided its bank information to the Claire's Defendants so that it could make payments directly to Love and Madness for the products it ordered.

82.     On April 2, 2015, McAvoy executed a "Trading Terms Update" letter from Defendant Claire's Inc. which was signed by its Chief Executive Officer, Dr. Beatrice Lafon. Pursuant to the "Trading Terms Update", the Claire's Defendants would receive a three percent (3%) discount when they purchased goods from Plaintiff Love and Madness and paid invoices within fifteen (15) days of receipt.  Additionally, pursuant to "Trading Terms Update", Claire's would receive a 3% volume discount for $750,000.00 - $1,500,000 worth of purchase orders and 2% for over $1,500,000 worth of purchase orders.

83.     Thereafter, the Claire's Defendants began placing orders for Plaintiff Love and Madness's products by sending orders, or "tickets" to the factory that had been designated by Love and Madness to produce its goods for Claire's.

84.     The Love and Madness products purchased by the Claire's Defendants were sold in Claire's stores in New York, throughout the United States and on-line via the Claire's Defendants' retail website: www.clairesstores.com.

85.     One of the first products ordered by the Claire's Defendants were temporary tattoo designs which included "Elephant Design – Right Facing" and the "Aztec Design" as shown here as displayed on Claire's Instagram site on April 24, 2016:



86.    The "Elephant Design – Right Facing" was one of the Claire's Defendants' top 50 sellers for the 2014 year.   As a result, the demand for temporary tattoos in the Claire's Defendants' beauty department including, but not limited to Love and Madness's designs, increased by 700%.

87.    Based on the incredible success of the temporary tattoo products that Love and Madness designed and sold to the Claire's Defendants, the Claire's Defendants asked Plaintiff Love and Madness to create many other products with Love and Madness's proprietary designs their beauty department.

88.    The Claire's Defendants also asked Plaintiff Love and Madness to create many other categories of products with Love and Madness's proprietary designs that could be sold throughout Claire's other departments, such as Jewelry, Technology, Fashion, and Bags.

89.    From that point on, through to late 2019, McAvoy, through her Love and Madness and Cosmic Funhouse companies, delivered products with her companies' proprietary designs that were huge sellers for the Claire's Defendants.

90.    From 2015 to 2019, the Claire's Defendants ordered millions of dollars of products from Plaintiff Love and Madness as an official "Claire's and Icing Vendor".   During that time

period, Claire's provided Plaintiff with written reports that set forth the number of products and the total wholesale cost of those products.  For example, in a letter dated June 20, 2016, the Claire's Defendants reported that they purchased $1,017,515.81 worth of products at a wholesale cost from Plaintiff Love and Madness during the period of a single year, February 1, 2015 through January 30, 2016.  Since the Claire's Defendants' average mark-up for products to sell to its retail customers was 87%, the Claire's Defendants would have sold more than $65 million worth of Plaintiffs' products through to the present, and these  sales are ongoing.

91.     McAvoy's designs and products were such popular sellers for Claire's that in just a few months after the Claire's Defendants began purchasing McAvoy's designs and products, by the Spring of 2015, Love and Madness had its own wall of temporary tattoos in Claire's beauty department (called Department 27) with Love and Madness' co-branded packaging which was significantly different then their other packaged tattoos sold by Claire's.  The following image is an example of the co-branded temporary tattoos designed by McAvoy and sold by Claire's:



**D. After McAvoy Suffers a Serious Illness, the Claire's Defendants Begin
Blatantly Copying Plaintiffs' Designs**

92.     In March of 2018, McAvoy suffered 3 Grand Mal Seizures while she was taking

her young daughter to a park in New York City.  As a result of the seizures, McAvoy became

incapacitated for a period of time.

93.     After several months of incapacitation and extensive testing, MacAvoy was

diagnosed with a "neurologic immune reconstitution inflammatory syndrome" or "NEURO-ISIS."

NEURO-ISIS a dangerous inflammation of her brain that causes seizures and impairs a person's

cognitive and physical functions.  McAvoy's condition was so serious that she was unable to work

and confined to bed for an extended period of time.

94.     As a result of her ongoing life-threatening condition, McAvoy was temporarily

unable to run her companies, Love and Madness and Cosmic Funhouse.

95.     While McAvoy was attempting to recover from what was diagnosed as a fatal brain infection, Claire's began copying Plaintiffs' designs including, but not limited to, the copyrighted "Hand Drawn Eyes Design", "Elephant Design – Right Facing", "Elephant Design," and the "Aztec Design" and selling them under the "Claire's" and "Icing" brands for the Claire's Defendants' sole profit.

96.     The Claire's Defendants have been intentionally copying Plaintiff's designs since McAvoy became ill and has continued to do so through to the present.  Claire's never received permission or a license from Plaintiff to copy those designs, and it never compensated Plaintiff for use of such designs.

97.     Based upon the number of units previously ordered by the Claire's Defendants from McAvoy's companies, they have generated, and continue to generate, millions of dollars in profits from the designs owned by Plaintiff.  Accordingly, Plaintiff seeks intervention from this Court and asserts the claims below.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement of the "Hand Drawn Eyes Design")**

98.     Plaintiff incorporates and re-alleges paragraphs 1 through 97 of this Complaint.

99.     Plaintiff is the owner of all right and title to the "Hand Drawn Eyes Design".  All rights in the "Hand Drawn Eyes Design" have been assigned and transferred from McAvoy to her company Love and Madness.

100.    After Plaintiff McAvoy became ill in 2018, the Claire's Defendants began copying McAvoy's "Hand Drawn Eyes Design," without permission of or a license from Plaintiff.

101.    The Claire's Defendants have infringed Plaintiff's copyright for the "Hand Drawn

Eyes Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Hand Drawn Eyes Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon Plaintiff's "Hand Drawn Eyes Design" through a network of retail stores, websites, and licensing deals.

102.   The Claire's Defendants have sold no less than 33 infringing products both domestically and internationally from 2019 through to the present, and these sales are ongoing. These products include, but are not limited to, the following: CLAIRE'S USA Style No. 29292, CLAIRE'S EU Style No. 29292, CLAIRE'S USA Style No. 38317, CLAIRE'S EU Style No. 38317, ICING Style No. 37068, CLAIRE'S USA Style No. 44558, CLAIRE'S USA Style No. 97115, CLAIRE'S EU Style No. 97115, ICING Style No. 99483, ICING Style No. 99520, ICING Style No. 99567, CLAIRE'S EU Style No. 15986, CLAIRE'S USA Style No. 15986, CLAIRE'S USA Style No. 72173, CLAIRE'S USA Style No. 97302, ICING Style No. 68630, CLAIRE'S EU Style No. 97302, CLAIRE'S EU Style No. 72173,  ICING Style No. 99093, CLAIRE'S USA Style No. 97126, CLAIRE'S EU Style No. 97126, CLAIRE'S USA Style No. 97294, ICING Style No. 99087, and CLAIRE'S EU Style No. 97294.

103.   Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

104.   Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Plaintiff's "Hand Drawn Eyes Design".  As such, Plaintiff is entitled to a disgorgement of profits directly and indirectly attributable to the Claire's Defendants' infringement of Plaintiff's "Hand Drawn Eyes Design" in an amount to be determined at trial.

105.   The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

106.   Finally, based upon the intentional, willful, and ongoing infringement of Plaintiff's "Hand Drawn Eyes Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## SECOND CLAIM FOR RELIEF

### (Copyright Infringement of the "Day of the Dead Design")

107.   Plaintiffs incorporate and re-allege paragraphs 1 through 106 of this Complaint.

108.   Plaintiff Love and Madness is and at all relevant times was the owner of all right and title to the "Day of the Dead Design".

109.   After Plaintiff McAvoy became ill in 2018, the Claire's Defendants began copying Love and Madness's "Day of the Dead Design" without permission of or a license from Plaintiff.

110.   The Claire's Defendants have infringed Love and Madness's copyright for the "Day of the Dead Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Day of the Dead Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon Love and Madness's "Day of the Dead Design" through a network of retail stores, websites, and licensing deals.

111.   The Claire's Defendants have sold no less than 9 infringing products both domestically and internationally from 2019 through to the present, and these sales are ongoing.

These products include, but are not limited to, the following: CLAIRE'S USA Style No. 72173, CLAIRE'S USA Style No. 97302, ICING Style No. 68630, CLAIRE'S EU Style No. 97115, CLAIRE'S EU Style No. 97302, CLAIRE'S EU Style No. 72173, , ICING Style No. 99093, andICING Style No. 85857.

112.    Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

113.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Day of the Dead Design". As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Plaintiff's "Day of the Dead Design" in an amount to be determined at trial.

114.    The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

115.    Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Day of the Dead Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

### THIRD CLAIM FOR RELIEF

### (Copyright Infringement of the "Elephant Design – Right Facing")

116.     Plaintiffs incorporate and re-allege paragraphs 1 through 115 of this Complaint.

117.     Plaintiff Love and Madness is and at all relevant times was the owner of all right and title to the "Elephant Design – Right Facing".

118.     After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Elephant Design – Right Facing" without permission of or a license from Plaintiff.

119.     The Claire's Defendants have infringed Love and Madness's copyright for the "Elephant Design – Right Facing" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Elephant Design – Right Facing" and by producing, distributing and/or selling products which incorporate and thereby infringe upon the "Elephant Design – Right Facing" through a network of retail stores, websites, and licensing deals.

120.     The Claire's Defendants have sold no less than 48 infringing products both domestically and internationally from 2015 through to the present, and these sales are ongoing. These products include, but are not limited to, the following:  ICING Style No. 16776, CLAIRE'S USA Style No. 86783, CLAIRE'S USA Style No. 05674, CLAIRE'S USA Style No. 13299, CLAIRE'S USA Style No. 13099, CLAIRE'S USA Style No. 0-9634, ICING Style No. 77422, CLAIRE'S USA Style No. 79003, CLAIRE'S USA Style No. 153775, CLAIRE'S USA Style No. 06896, CLAIRE'S USA Style No. 83501, CLAIRE'S USA Style No. 0-6276, CLAIRE'S EU Style No. 23032, CLAIRE'S USA Style No. 09634, CLAIRE'S USA Style No. 08696, and CLAIRE'S USA Style No. 06276.

121.     Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered

substantial damages in an amount to be established at trial.

122.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Elephant Design – Right Facing".  As such, Plaintiff is entitled to a disgorgement of profits directly and indirectly attributable to the Claire's Defendants' infringement of Love and Madness's "Elephant Design – Right Facing" in an amount to be determined at trial.

123.    The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

124.    Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Elephant Design – Right Facing", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## FOURTH CLAIM FOR RELIEF

### (Copyright Infringement of the "Elephant Design")

125.    Plaintiffs incorporate and re-allege paragraphs 1 through 124 of this Complaint.

126.    Plaintiff Love and Madness is and at all relevant times was the owner of all right and title to the "Elephant Design".

127.    After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Elephant

Design" without permission of or a license from Plaintiff.

128.    The Claire's Defendants have infringed Love and Madness's copyright for the "Elephant Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Elephant Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon the "Elephant Design" through a network of retail stores, websites, and licensing deals.

129.    The Claire's Defendants have sold no less than 48 infringing products both domestically and internationally from 2015 through to the present, and these sales are ongoing. These products include, but are not limited to, the following:  ICING Style No. 16776, CLAIRE'S USA Style No. 86783, CLAIRE'S USA Style No. 5674, CLAIRE'S USA Style No. 13299, CLAIRE'S USA Style No. 0-9634, ICING Style No. 77422, CLAIRE'S USA Style No. 79003, CLAIRE'S USA Style No. 153775, CLAIRE'S USA Style No. 0-6896, CLAIRE'S USA Style No. 83501, CLAIRE'S USA Style No. 0-6276, CLAIRE'S EU Style No. 23032, CLAIRE'S USA Style No. 05674, CLAIRE'S USA Style No. 13099, CLAIRE'S USA Style No. 09634, CLAIRE'S USA Style No. 08696, and CLAIRE'S USA Style No. 06276.

130.    Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

131.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Elephant Design".  As such, Plaintiff is entitled to a disgorgement of profits directly and indirectly attributable to the Claire's Defendants' infringement of Love and Madness's "Elephant Design" in an amount to be determined at trial.

132.    The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

133.    Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Elephant Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## FIFTH CLAIM FOR RELIEF

### (Copyright Infringement of the "Aztec Design")

134.    Plaintiffs incorporate and re-allege paragraphs 1 through 133 of this Complaint.

135.    Plaintiff Love and Madness is and at all relevant times was the owner of all rights and title to the "Aztec Design".

136.    After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Aztec Design" without permission of or a license from Plaintiff.

137.    The Claire's Defendants have infringed Love and Madness's copyright for the "Aztec Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Aztec Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon the "Aztec Design" through a network of retail stores, websites, and licensing deals.

138.    The Claire's Defendants have sold no less than 48 infringing products both

domestically and internationally from 2015 through to the present, and these sales are ongoing. These products include, but are not limited to, the following: ICING Style No. 16776, CLAIRE'S USA Style No. 86783, CLAIRE'S USA Style No. 5674, CLAIRE'S USA Style No. 13299, CLAIRE'S USA Style No. 0-9634, ICING Style No. 77422, CLAIRE'S USA Style No. 79003, CLAIRE'S USA Style No. 153775, CLAIRE'S USA Style No. 0-6896, CLAIRE'S USA Style No. 83501, CLAIRE'S USA Style No. 0-6276, CLAIRE'S EU Style No. 23032, CLAIRE'S USA Style No. 05674, CLAIRE'S USA Style No. 13099, CLAIRE'S USA Style No. 09634, CLAIRE'S USA Style No. 08696, CLAIRE'S USA Style No. 06276.

139.   Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

140.   Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Aztec Design". As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Love and Madness's "Aztec Design" in an amount to be determined at trial.

141.   The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

142.   Finally, based upon the intentional, willful, and ongoing infringement of Love and

26

Madness's "Aztec Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## SIXTH CLAIM FOR RELIEF
### (Copyright Infringement of the "Proud to Be an American Design")

143.    Plaintiffs incorporate and re-allege paragraphs 1 through 142 of this Complaint.

144.    Plaintiff Love and Madness is and at all relevant times was the owner of all rights and title to the "Proud to Be an American Design".

145.    After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Proud to Be an American Design" without permission of or a license from Plaintiff.

146.    The Claire's Defendants have infringed Love and Madness's copyright for the "Proud to Be an American Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Proud to Be an American Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon the "Proud to Be an American Design" through a network of retail stores, websites, and licensing deals.

147.    The Claire's Defendants have sold no less than 9 infringing products both domestically and internationally from 2019 through to the present, and these sales are ongoing. These products include, but are not limited to, the following:  CLAIRE'S USA Style No. 59765, CLAIRE'S USA Style No. 87000, ICING Style No. 90181, and CLAIRE'S EU Style No. 23032.

148.    Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

149.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Proud to Be an American

27

Design".   As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Love and Madness's "Proud to Be an American Design" in an amount to be determined at trial.

150.   The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.   Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

151.   Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Proud to Be an American Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

### SEVENTH CLAIM FOR RELIEF

### (Copyright Infringement of the "Mermaid Tattoo Design")

152.   Plaintiffs incorporate and re-allege paragraphs 1 through 151 of this Complaint.

153.   Plaintiff Love and Madness is and at all relevant times was the owner of all rights and title to the "Mermaid Tattoo" design (hereinafter the "Mermaid Tattoo Design").

154.   After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Mermaid Tattoo Design" without permission of or a license from Plaintiff.

155.   The Claire's Defendants have infringed Love and Madness's copyright for the "Mermaid Tattoo Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Mermaid Tattoo Design" and by producing, distributing and/or

selling products which incorporate and thereby infringe upon the "Mermaid Tattoo Design" through a network of retail stores, websites, and licensing deals.

156.    The Claire's Defendants have sold numerous infringing products both domestically and internationally from 2019 through to the present, and these sales are ongoing.

157.    The products sold by the Claire's Defendants that infringe upon Plaintiff's "Mermaid Tattoo Design" include, but are not limited to, beauty products such as press on faux nails with the following style numbers: (i) CLAIRE'S USA Style No. 41880; (ii) CLAIRE'S USA Style No. 57150; (iii) CLAIRE'S USA Style No. 72882; and (iv) CLAIRE'S USA Style No. 57168.

158.    The products sold by the Claire's Defendants that infringe upon Plaintiff's "Mermaid Tattoo Design" include, but are not limited to, jewelry products such as rings with the following style numbers: (i) CLAIRE'S USA Style No. 03724; and (ii) CLAIRE'S USA Style No. 08499.

159.    These products also include bags, wallets, phone cases with the infringing "Mermaid Tattoo Design" such as: (i) the "Mermaid Charm Protective Phone Case" for iPhone 6/7/8/SE with Style No. 40088; (ii) the "Holographic Mermaid Phone Case"; (iii) the "Kinda Pissed I'm Not a Mermaid Phone Case" with Style No. 80462; (iv) the "Mermaid Shell Phone Case" with Style No. 60934; and (v) the "Metallic Mermazing Phone Case" with Style No. 29430.

160.    Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

161.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Mermaid Tattoo

Design".  As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Love and Madness's "Mermaid Tattoo Design" in an amount to be determined at trial.

162.     The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

163.     Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Mermaid Tattoo Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## EIGHTH CLAIM FOR RELIEF

### (Copyright Infringement of the "Mermaid Face Stickers Design")

164.     Plaintiffs incorporate and re-allege paragraphs 1 through 163 of this Complaint.

165.     Plaintiff Love and Madness is and at all relevant times was the owner of all rights and title to the "Mermaid Face Stickers Design".

166.     After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Mermaid Face Stickers Design" without permission of or a license from Plaintiff.

167.     The Claire's Defendants have infringed Love and Madness's copyright for the "Mermaid Face Stickers Design" artwork by creating, making and/or developing directly infringing and/or derivative works from the "Mermaid Face Stickers Design" and by producing,

distributing and/or selling products which incorporate and thereby infringe upon the "Mermaid Face Stickers Design" through a network of retail stores, websites, and licensing deals.

168.    The Claire's Defendants have sold numerous infringing products both domestically and internationally from 2019 through to the present.

169.    The products sold by the Claire's Defendants that infringe upon Plaintiff's "Mermaid Face Stickers Design" include, but are not limited to, beauty products such as press on faux nails with the following style numbers: (i) CLAIRE'S USA Style No. 41880; (ii) CLAIRE'S USA Style No. 57150; (iii) CLAIRE'S USA Style No. 72882; and (iv) CLAIRE'S USA Style No. 57168.

170.    The products sold by the Claire's Defendants that infringe upon Plaintiff's "Mermaid Face Stickers Design" include, but are not limited to, jewelry products such as rings with the following style numbers: (i) CLAIRE'S USA Style No. 03724; and (ii) CLAIRE'S USA Style No. 08499.

171.    The products sold by the Claire's Defendants that infringe upon Plaintiff's "Mermaid Face Stickers Design" also include bags, wallets, and phone cases such as: (i) the "Mermaid Charm Protective Phone Case" for iPhone 6/7/8/SE with Style No. 40088; (ii) the "Holographic Mermaid Phone Case"; (iii) the "Kinda Pissed I'm Not a Mermaid Phone Case" with Style No. 80462; (iv) the "Mermaid Shell Phone Case" with Style No. 60934; and (v) the "Metallic Mermazing Phone Case" with Style No. 29430.

172.    Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

173.    Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not

otherwise have realized but for the infringement of Love and Madness's "Mermaid Face Stickers Design". As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Love and Madness's "Mermaid Face Stickers Design" in an amount to be determined at trial.

174. The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

175. Finally, based upon the intentional, willful, and ongoing infringement of Love and Madness's "Mermaid Face Stickers Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## NINTH CLAIM FOR RELIEF

### (Copyright Infringement of the "Luck O' the Irish Design")

176. Plaintiffs incorporate and re-allege paragraphs 1 through 175 of this Complaint.

177. Plaintiff Love and Madness is and at all relevant times was the owner of all rights and title to the "Luck O' the Irish Design".

178. After Plaintiff McAvoy became ill in 2018 and was unable to run her companies, Love and Madness and Cosmic Funhouse, the Claire's Defendants began copying the "Luck O' the Irish Design" without permission of or a license from Plaintiff.

179. The Claire's Defendants have infringed Love and Madness's copyright for the "Luck O' the Irish Design" artwork by creating, making and/or developing directly infringing

and/or derivative works from the "Luck O' the Irish Design" and by producing, distributing and/or selling products which incorporate and thereby infringe upon the "Luck O' the Irish Design" through a network of retail stores, websites, and licensing deals.

180.     The Claire's Defendants have sold numerous infringing products both domestically and internationally from 2019 through to the present.

181.     The products sold by the Claire's Defendants that infringe upon Plaintiff's "Luck O' the Irish Design" include, but are not limited to, body stickers with the following style numbers: (i) CLAIRE'S USA Style No. 29286; and (ii) ICING Style No. 29286.

182.     Due to the Claire's Defendants' acts of infringement, Plaintiff has suffered substantial damages in an amount to be established at trial.

183.     Due to the Claire's Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits that they would not otherwise have realized but for the infringement of Love and Madness's "Luck O' the Irish Design".   As such, Plaintiff is entitled to a disgorgement of profits, directly and indirectly, attributable to the Claire's Defendants' infringement of Love and Madness's "Luck O' the Irish Design" in an amount to be determined at trial.

184.     The Claire's Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subject the Claire's Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make an election between actual damages and statutory damages.

185.     Finally, based upon the intentional, willful, and ongoing infringement of Love and

Madness's "Luck O' the Irish Design", Plaintiff is entitled to attorneys' fees pursuant to Section 505 of the Copyright Act, Title 17 Section 505.

## TENTH CLAIM FOR RELIEF

### (Unfair Business Practices Under New York General Business Law § 349.)

186.   Plaintiffs incorporate and re-allege paragraphs 1 through 185 of this Complaint.

187.   The acts of the Claire's Defendants described above constitute unfair business practices in violation of New York General Business Law § 349.

188.   Plaintiff has valid and protectable prior rights in its copyrights and copyrighted designs.

189.   The Claire's Defendants' infringing use of numerous designs copyrighted by Plaintiff is likely to cause confusion as to the source of Claire's products and is likely to cause others to be confused or mistaken into believing that there is a relationship between Claire's plaintiff, or that Claire's products are affiliated with or sponsored by it.

190.   The above-described acts and practices by the Claire's Defendants are likely to mislead or deceive the general public and therefore constitute fraudulent, deceptive and unfair business practices in violation of New York General Business Law § 349.

191.   The Claire's Defendants' acted willfully and intentionally in making and selling products that incorporate Plaintiff's copyrighted designs, with full knowledge of Plaintiff's copyrights, and with an intent to cause confusion or mistake or to deceive customers into believing that there is an affiliation between Claire's and Plaintiff.  The unlawful and fraudulent business practices of the Claire's Defendants described above present a continuing threat to, and is meant to deceive members of, the public in that Claire's continues to promote its products by wrongfully trading on the goodwill of Plaintiff.

192.    As a direct and proximate result of these acts, the Claire's Defendants' have received, and will continue to profit from, wrongful and improper uses of plaintiff's copyrighted designs.

193.    As a direct and proximate result of the Claire's Defendants' wrongful conduct, Plaintiff has been injured in fact and has and is likely to lose sales, money, and profits, and such harm will continue unless the Claire's Defendants' acts are enjoined by the Court.  Plaintiff has no adequate remedy at law for the Claire's Defendants' continuing violation of Plaintiffs' rights.

194.    The Claire's Defendants' should be required to restore to Plaintiff any and all profits earned as a result of its unlawful and fraudulent actions, or provide Plaintiff with any other restitutionary relief as the Court deems appropriate.

## ELEVENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

195.    Plaintiffs incorporate and re-allege paragraphs 1 through 194 of this Complaint.

196.    The Claire's Defendants gained access to Plaintiff Love and Madness' proprietary designs and confidential business information during the time that they used Plaintiff as an official vendor for products beginning in 2015 through 2019.

197.    In 2018, Plaintiff's principal, Heather McAvoy, became critically ill to the point that she was unable to run her companies and continue to sell designs and manufacture products for Claire's.

198.    The Claire's Defendants took advantage of Ms. McAvoy's potentially fatal illness and without informing her, they deceptively used Plaintiff's designs and business relationships with foreign manufacturers to reproduce products containing identical copies of Plaintiff's copyrighted designs.

199.    By so doing, the Claire's Defendants shamelessly took advantage of Ms. McAvoy's life-threatening illness to misappropriate her designs and products so that they could save the millions of dollars that they had been paying her to legally purchase and sell her products and designs as a vendor of Claire's and pass them off as their own.

200.    The Claire's Defendants undertook the foregoing action knowingly and with fraudulent intent and/or by abusing their relationship with Plaintiff to gain access to her proprietary designs and confidential business information that they exploited at her expense to lower the cost to the Claire's Defendants of selling Plaintiff's highly popular designs and products. As a result of the conduct alleged herein, the Claire's Defendants have been unjustly enriched to Plaintiff's detriment. Plaintiff seeks an accounting and disgorgement of all ill-gotten gains and profits resulting from the Claire's Defendants' inequitable activities.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief, as follows:

(i)  A judgment that the Claire's Defendants have infringed Plaintiff's asserted copyrights.

(ii) An Order and judgment preliminarily and permanently enjoining the Claire's Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of Plaintiffs asserted copyrights, and any other intellectual property owned by Plaintiff;

(iii) A judgment awarding Plaintiff damages of no less than $65 million for the Claire's Defendants infringement of Plaintiff's asserted copyrights;

(iv) A judgment awarding Plaintiff all damages adequate to compensate for the Claire's Defendants infringement of Plaintiff's asserted copyrights, and in no event less than a reasonable royalty for the Claire's Defendants' acts of infringement, including all prejudgment and post-judgment interest at the maximum rate permitted by law;

(v) An Order preliminarily and permanently enjoining the Claire's Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from directly or indirectly infringing Plaintiff's asserted copyrights and any other intellectual property owned by Plaintiff; from committing any other unfair business practices directed toward obtaining for themselves the business and customers of Plaintiff; and from committing any other unfair business practices directed toward devaluing or diminishing the brand or business of Plaintiff.

(vi) Actual damages suffered by Plaintiff as a result of the Claire's Defendants unlawful

conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law;

(vii)    An accounting of the Claire's Defendants' profits pursuant to 15 U.S.C. § 1117;

(viii)    Restitutionary relief against the Claire's Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

(ix) Costs of suit and reasonable attorneys' fees; and

(x) any other remedy to which Plaintiff may be entitled under federal law, state law, or common law.

Dated: New York, New York
           May 12, 2021

BARTON LLP

By: _____
           Maurice N. Ross
           Laura-Michelle Horgan

711 Third Avenue, 14th Floor
New York, New York 10017
(212) 687-6262
mross@bartonesq.com
lmhorgan@bartonesq.com

*Attorneys for Plaintiff*
*Love and Madness, Inc.*

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands

trial by jury of all issues raised by the foregoing Complaint.

Dated: New York, New York
      May 12, 2021

**BARTON LLP**

By:_____
      Laura-Michelle Horgan, Esq.